UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-150-GNS-LLK

DANA SUE MUTCHLER                                                                                PLAINTIFF

v.

MARY LOU WILSON, and
WILLIAM BRODIE BARRIGER                                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant William Brodie Barriger's ("Barriger") Motion to Dismiss (DN 8) and Defendant Mary Lou Wilson's ("Wilson") Motion to Dismiss (DN 12). The motions have been fully briefed and are ripe for decision. For the reasons stated below, the Court **GRANTS** both motions.

### I.    BACKGROUND

This action is brought to recover damages related to a dispute pertaining to the Barriger Living Trust ("Trust"). (Compl. ¶ 1, DN 1). Defendants served as Co-Trustees of the Trust. (Pl.'s Resp. 2, DN 16). Plaintiff, Dana Sue Mutchler ("Mutchler") alleges that Defendants unduly influenced Mutchler's grandmother to amend the Trust in Defendants' favor by a June 21, 2007 Trust Amendment ("Amendment") at a time when she lacked capacity. (Pl.'s Resp. 2). Under the Amendment, Mutchler is to receive $2,000 rather than one-twelfth of the total remaining Trust assets. (Compl. Ex. A at 11-1, DN 1-1; Compl. Ex. D at 1-2, DN 1-5). Mutchler is one of six

beneficiaries under the Trust, three of whom are not parties to this litigation.[1] Two of the absent parties are citizens of Kentucky (the "Absentee Parties"). (M. Beardsley Aff. ¶ 1, DN 16-2; C. Beardsley Aff. ¶ 1, DN 16-4).

Mutchler filed her complaint on June 23, 2015. (Compl.). Barriger filed his Motion to Dismiss on August 14, 2015. (Def.'s Mot. to Dismiss, DN 8). Wilson filed her Motion to Dismiss on August 17, 2015, and adopted all arguments made in Barriger's Motion. (Wilson's Mot. to Dismiss, DN 12). Mutchler filed her response on August 28, 2015. (Pl.'s Resp.) Wilson filed her reply on September 14, 2015. (Def.'s Reply in Supp. of Mot. to Dismiss, DN 13 [hereinafter Def.'s Reply]). Barriger filed his reply adopting the arguments made in Wilson's reply on September 14, 2015. (Barriger's Reply to Resp. to Mot. to Dismiss, DN 16).

## II. JURISDICTION

The Court has jurisdiction over the parties pursuant to 42 U.S.C. § 1332(a)(1) as the parties are citizens of different states and the amount in controversy exceeds $75,000.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a motion to dismiss for lack of subject-matter jurisdiction. "Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co. v. Republic of Leb.*, 501 F.3d 534, 537 (6th Cir. 2007) (citation omitted). Where subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive a 12(b)(1) motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). *See also DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ.

---

[1] These absent beneficiaries are Mutchler's brothers, Markus Beardsley, Travar Beardsley, and Christopher Beardsley. (Def.'s Mot. to Dismiss 2).

2

P. 12(h)(3). *See also Bauer v. RBX Indus. Inc.*, 368 F.3d 569 (6th Cir. 2004). A federal district court has diversity jurisdiction over an action between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### IV.    DISCUSSION

Defendants move for dismissal on two grounds:  (i) this Court lacks subject matter jurisdiction under Rule 12(b)(1)(7) for failure to join necessary parties from Kentucky under Federal Rule of Civil Procedure Rule 19 which joinder would destroy diversity; and (ii) Defendants claim that the Court cannot hear this case as it involves a probate dispute because such a dispute lies outside the jurisdiction of this Court and is only proper within the jurisdiction of the state court system. (Def's Mot. to Dismiss 1). The Court considers each argument in turn.

#### A.    Joinder under Rule 19(b) and Lack of Diversity

"Rule 19 of the Federal Rules of Civil Procedure establishes a three-step analysis for determining whether a case should proceed in the absence of a particular party." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 202 (6th Cir. 2001) (citation omitted). First, the Court must determine "whether a person is necessary to the action and should be joined if possible." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763-64 (6th Cir. 1999); Fed. R. Civ. P. 19(a). If the party is deemed necessary, the Court must next consider whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction. *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1346 (6th Cir. 1993). (finding the second step of the Rule 19 analysis is an inquiry into whether the court has personal jurisdiction over the necessary party); Fed. R. Civ. P. 19(a) (requiring the court to join a necessary party "who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action").

The third step "involves an analysis under Rule 19(b) to determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party [being] thus regarded as indispensable." *Soberay Mach. & Equip. Co.*, 181 F.3d at 764 (quoting Fed. R. Civ. P. 19(b)). "Dismissal should occur only if an indispensable party is not subject to personal jurisdiction or cannot be joined without eliminating the basis for subject matter jurisdiction." *PaineWebber, Inc.*, 276 F.3d at 200 (citation omitted). "If a necessary party is not deemed indispensable pursuant to Rule 19(b), that potential party need not be joined and the action can proceed with the original litigants." *Id*.

### 1. *The Absentee Parties are Necessary to the Action.*

Defendants first claim that necessary parties from Kentucky have not been joined in this lawsuit.[2] A party is necessary if at least one of two conditions are met: (1) without the party, the court cannot "accord complete relief among existing parties"; or, (2) the party claims an interest relating to the subject matter of the case and disposing of the case in the party's absence would impair the party's ability to protect that interest or expose an existing party to substantial risk of multiple or inconsistent obligations. Fed. R. Civ. P. 19(a); *Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 264 (6th Cir. 2009).

There is no dispute the Court can accord relief amongst existing parties. The Absentee Parties do not prevent Mutchler from seeking complete relief against Defendants. It is equally clear that the Absentee Parties claim an interest in the subject matter of this case—the Trust assets. While Mutchler presents affidavits from the Absentee Parties disclaiming their opportunity to participate in this lawsuit, the parties have not disclaimed any right to their

---

[2] Christopher and Markus Beardsley are potential beneficiaries of the Trust. (Compl. Ex. A at 11-1, DN 1-2). Both have an undisputed interest in the Trust in dispute and are citizens of Kentucky. (Def.'s Mot. to Dismiss 5).

respective shares of the Trust. (M. Beardsley Aff.; C. Beardsley Aff.). The Trust grants both the Absentee Parties and Mutchler a one-twelfth share in all property not distributed by previous articles of the Trust.[3] (Compl. Ex. A at 11-1).

The Absentee Parties maintain a position analogous to a residuary beneficiary as they stand to receive a portion of "all property not distributed" by previous articles. (Compl. Ex. A at 11-1). Residuary beneficiaries are "necessary parties." *Glass v. Steinberg*, No. 3:09-CV-355-H, 2010 WL 6592935, at *3 (W.D. Ky. Jan. 15, 2010). While the Absentee Parties do not benefit as residuary beneficiaries under the 2007 Amendment, they maintain this position under the Trust and their prospective interests are necessarily affected by the outcome of this litigation. Thus, if Mutchler successfully challenges the 2007 Amendment, the Absentee Parties would receive one-twelfth of the residuary; if not, they would be entitled to only $2000.

Additionally, Mutchler seeks to remove Defendants as Trustees. (Compl. ¶ 1). As noted in *Steinberg*, whenever a trustee is "removed or changed" this necessarily affects the interests of other beneficiaries under the Trust. *Id.*

Mutchler claims that this case is analogous to that in *Harvill v. Harvill*, No. 3:12-CV-00807, 2013 WL 1245729, at *4-5 (M.D. Tenn. Mar. 27, 2013). In *Harvill*, the third-party disclaimed all interest in the trust at issue. *Id.* Mutchler claims that like the third-party in that case, the Absentee Parties have disclaimed their interest. (Pl.'s Resp. 5-6). This comparison is misguided. The key distinction in this action is that the Absentee Parties have disclaimed their interest in the *lawsuit*, not their interest in the Trust. *Harvill* suggests the outcome would have been different had the third-party maintained an interest in the trust involved in the dispute as is the case here. *See id.* Since the Absentee Parties have not affirmatively waived their interest in

---

[3] Article Eleven of the Trust acts as a residuary clause to distribute all property which has not been distributed in the prior articles. (Compl. Ex. A at 11-1).

5

the Trust, the holding in *Harvill* is inapplicable to this case. Thus, the Absentee Parties are necessary parties under Rule 19(a) because they have an interest in the subject matter of this lawsuit and the outcome of the litigation necessarily affects their interest. *See Steinberg*, 2010 WL 6592935, at *3.

### 2. *The Absentee Parties Cannot be Joined Without Destroying Subject Matter Jurisdiction*

The second step of the analysis is not in dispute. The Absentee Parties are both residents of Kentucky. (M. Beardsley Aff. ¶ 1; C. Beardsley Aff. ¶ 1). Defendants are also residents of Kentucky. (Compl. ¶ 3). The Absentee Parties' inclusion as Plaintiffs in this action would destroy the complete diversity requirement of 42 U.S.C. § 1332(a)(1). Thus, the Absentee Parties cannot be joined without destroying subject matter jurisdiction and the Court must continue its analysis under Rule 19(b).

### 3. *The Absentee Parties are Indispensable to this Action*

"Rule 19(b) lists four factors that a court must consider in determining whether a necessary party is also indispensable." *PaineWebber, Inc.*, 276 F.3d at 202. First, the court must consider the extent "a judgment rendered in the person's absence might be prejudicial to the person or those already parties" to the action. Fed. R .Civ. P. 19(b). Second, the court must determine whether it might be able to reduce or avoid prejudice "by protective provisions in the judgment, by the shaping of relief, or other measures." *Id*. Third, the court considers "whether a judgment rendered in the person's absence will be adequate." *Id*. Finally, the court assesses "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Id*.

Under the first Rule 19(b) factor, the Court finds that the absence of the Absentee Parties prejudices the Absentee Parties in this action. Mutchler again argues that the Absentee Parties have waived any interest in the lawsuit and therefore cannot possibly be prejudiced. (Pl.'s Resp.

5). The Court has already established, however, that the Absentee Parties have not disclaimed their interest in the Trust so that the Absentee Parties maintain their position as beneficiaries under the Trust. As a general rule, all beneficiaries are needed for the adjudication of the removal of trustees and the disposition of trust assets as to prevent prejudice to the other beneficiaries. *See Walsh v. Centeio*, 692 F.2d 1239, 1243-44 (9th Cir. 1982). *See also Stevens v. Smith*, 126 F. 706, 711 (6th Cir. 1903) (finding legatees indispensable because "in suits affecting the rights of residuary legatees or of next of kin, the general rule is that all the members of the class must be made parties." (internal quotation marks omitted) (citation omitted)).

"[A]n exception to the general rule, however, exists when [a] trustee represents the beneficiaries' interests fully and without conflict." *Markham v. Fay*, 74 F.3d 1347, 1354 (1st Cir. 1996) (citation omitted). The courts differentiate, however, between trustees representing the rights of absent beneficiaries and beneficiaries seeking to alter the disposition and administration of the trust assets. As a beneficiary, it is clear Mutchler is in the latter category and cannot claim to effectively represent the interests of absent beneficiaries to avoid prejudice. Mutchler has an incentive to act in favor of her own interests rather than the interests of the Absentee Parties and cannot claim her actions do not have the possibility of prejudice. *See Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 675 (6th Cir. 2004) (finding that company could not represent the interests of shareholders in a shareholder derivative suit with "similar" interests without prejudice under 19(b) because a "complete identity of interests" did not exist). It is certainly conceivable that Mutchler could settle her claims against Defendants in a manner that would advantage her vis-à-vis the Absentee Parties. Therefore, the risk of prejudice to the other beneficiaries remains.

Alterations in the disposition and administration of a trust have the potential to prejudice all beneficiaries under a trust. *Tick v. Cohen*, 787 F.2d 1490, 1492, 1495 (11th Cir. 1986)

(finding plaintiff's remedy of an accounting of the trust assets, formation of a constructive trust, removal of the trust's trustees, re-distribution of the trust's assets, and compensation for attorney's fees to prejudice absent beneficiaries); *Bixby v. Bixby*, 50 F.R.D. 277, 280 (S.D. Ill. 1970) ("The omitted legatees are considered to be indispensable parties"); *Hill v. Carman*, 61 F.R.D. 583, 587 (D. Del. 1974) (finding "clear prejudice" to beneficiary who was to receive one-third of the property at issue). This Court finds that any remedy involving the disposition of the Trust assets may prejudice other beneficiaries of the Trust. Like the plaintiff in *Tick*, Mutchler seeks an accounting of the Trust assets, formation of a constructive trust, removal of the Trust's trustees, a re-distribution of the Trust's assets, and compensation for attorney's fees. *Tick*, 787 F.2d at 1492; (Compl.)

The Ninth and Eleventh Circuits have held that granting such relief necessarily prejudices all other beneficiaries under the trust, rendering them indispensable parties. *Tick*, 787 F.2d at 1492. *See also Walsh*, 692 F.2d at 1243-44. Furthermore, the mere possibility of prejudice to the Absentee Parties is sufficient to find them to be indispensable parties. *Bixby*, 50 F.R.D. at 280 (finding absent residuary beneficiaries were indispensable because "[t]hough the effect of a judgment here might, or might not, be pecuniarily prejudicial to them, this litigation must necessarily affect substantial rights and interest of the omitted legatees"). While Mutchler again cites *Harvill* as support for her position, this case is inapplicable as the third-party in that case was not a beneficiary under the trust at issue, having disclaimed any interest in the trust. *Harvill*, 2013 WL 1245729, at *4-5. Furthermore, while the Absentee Parties agree as to the removal of Defendants as Trustees, they disagree as to whom shall be appointed the new Trustee.[4] Any

---

[4] Mutchler seeks to appoint one of the Absentee Parties, Christopher Beardsley as Trustee. The Absentee Parties seek to appoint Mutchler as Trustee. (Compl. ¶ 1; M. Beardsley Aff. ¶ 6; C. Beardsley Aff. ¶ 6 ).

disagreement over the administration of the Trust has the potential to prejudice the Absentee Parties. *See Walsh*, 692 F.2d at 1243-44.

Any change in the disposition of the Trust that favors Mutchler may prejudice the Absentee Parties as Mutchler would receive one-twelfth and the Absentee Parties would receive a token $2,000 each under the Amendment. (Compl. Ex A at 11-1; Compl. Ex. D at 1-2). While Mutchler argues that the Absentee Parties have made a conscious decision not to be parties, they have also made the decision to maintain an interest in the Trust and in the disposition of the Trust. (M. Beardsley Aff.; C. Beardsley Aff.). The parties in this case are litigating over assets which arguably belong to the Absentee Parties. Therefore, any judgment regarding the disposition and administration of these assets will necessarily prejudice the Absentee Parties. *See Tick*, 787 F.2d at 1495.

The possible invalidation of the Absentee Parties' interest under the no-contest clause of the Trust is another issue the Court may consider. *See Graves v. Vitu*, No. 5:12-CV-065, 2013 WL 499339, at *5-6 (W.D. Va. Feb. 7, 2013) (finding the possibility of prejudice if discovery revealed "indirect" support for removal of a trustee which would invalidate the absent party's trust interest). If discovery reveals that the Absentee Parties have indirectly supported Mutchler in her lawsuit, their interest may be at risk under the "non-contest clause" of the Trust. (Compl. Ex. A at 15-2). In fact, the Absentee Parties affidavits appear to imply such support in this litigation. (M. Beardsley Aff. ¶ 4; C. Beardsley Aff. ¶ 4 (both stating "I support [Mutchler] in her efforts . . . .")). Like the no-contest provision in *Vitu*, the provision under the Trust is broadly worded and encompasses indirect challenges to the Trust and Amendment.[5] Thus, as in *Vitu* the

---

[5] "If any person or entity, other than the Trustors, singularly, or in conjunction with any other person or entity, directly or indirectly, contests in any court the validity of our Trust Agreement, including any amendments thereto, then the right of that person or entity to take any interest in

Absentee Parties are potentially at risk for invalidation of their interests in the Trust and may be prejudiced if they are not present to protect their interests in this matter. *See Vitu*, 2013 WL 499339, \*5-6.

Under the second factor, the Court cannot reduce the prejudice to the Absentee Parties as long as they maintain an interest in the disposition of the Trust assets. Any alteration in the disposition of the Trust assets in favor of one beneficiary or changes in the administration of the Trust will necessarily prejudice the Absentee Parties. *Tick*, 787 F.2d at 1492; *see also Walsh*, 692 F.2d at 1243-44. Mutchler again argues that the Absentee Parties' affidavits have eliminated all potential prejudice. (Pl.'s Resp. 9). As previously noted, however, the Absentee Parties' affidavits simply waive their interest in being parties to this litigation and do not disclaim their status as beneficiaries under the Trust. (M. Beardsley Aff. ¶ 5; C. Beardsley Aff. ¶ 5).

Under the third factor, there is little contention that any judgment rendered will be adequate between the existing parties. While Defendants argue the remedy will not be adequate for the Absentee Parties, the Court must only consider the adequacy of the judgment for the existing parties. *See PaineWebber, Inc.*, 276 F.3d at 205. There is no dispute the Court can render an adequate judgment between the existing parties.

Finally, the fourth factor, the adequacy of the forum, indicates the Absentee Parties are indispensable. The Court finds that the Kentucky state court system is more than adequate to adjudicate this claim. There is no argument that this claim faces any obstacles to litigation in state court. The state courts offer a forum in which all parties to this litigation may be present and which more routinely handles probate and trust matters such as those involved here. Indeed, Kentucky courts are the superior forum as this case involves questions of Kentucky trust law. *See*

---

our Trust Estate or to act in any fiduciary capacity shall cease, and that person (and his or her descendants) or entity shall be deemed to have predeceased us." (Compl. Ex. A at 15-2).

*Walsh*, 692 F.2d at 1244 n.5. Mutchler cautions that a potential alternative forum alone does not outweigh a plaintiff's right to choose alone. (Pl.'s Resp. 9). Yet, the Court weighs this factor along with the consideration of the other three and does not entirely base its decision on the final factor.

Mutchler cites case law in which the Sixth Circuit and this Court have declined to dismiss under Rule 19 and Rule 12(b)(1). (Pl.'s Resp. 9 (citing *PaineWebber, Inc.*, 276 F.3d at 203; *Sun Healthcare Grp., Inc. v. Dowdy*, No. 5:13-CV-00169-TBR, 2014 WL 790916, at *8 (W.D. Ky. Feb. 26, 2014); *Life Care Ctrs. of Am., Inc. v. Estate of Neblett*, No. 5:14-CV-00124-TBR, 2014 WL 5439623, at *3 (W.D. Ky. Oct. 22, 2014)). These cases are distinguishable from the case at hand. All three cases involved arbitration agreements and primarily stand for the proposition that the potential for conflicting interpretations in the state and federal courts of such agreements is insufficient prejudice to the defendant to find a party indispensable. These cases suggest this holding may have little applicability outside of the context of arbitration agreements and the possibility of conflicting judgments. *PaineWebber, Inc.*, 276 F.3d at 205 (noting "piecemeal" litigation in the state and federal systems are "inevitable" in arbitration cases); *Dowdy*, 2014 WL 790916, at *8 (finding that prejudice is minimal in arbitration cases involving inconsistent results in state and federal court); *Life Care Ctrs. of Am., Inc.*, 2014 WL 5439623, at *3 (finding the possibility of conflicting interpretations of arbitration clause was insufficient for a finding of prejudice under Rule 19).

These cases do not stand for the proposition that other beneficiaries under a trust cannot be necessary and indispensable parties. In fact, in one of the rare examples involving Rule 19 and the disposition of a trust in this jurisdiction, this Court found beneficiaries under the trust necessary to the action as changes to the trust would "necessarily effect their interests." *See*

11

*Steinberg*, 2010 WL 6592935, at *3. Thus, the Court finds that three factors favor dismissal based on the Absentee Parties being indispensable to this litigation and one does not. Taken as a whole, the Court concludes that the Absentee Parties are indispensable for the purposes of Rule 19(b).

In support of this conclusion, the Court also notes the "public interest in preserving a fully litigated judgment . . . when the time and expense of a trial have already been spent" is not a factor in this case. *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 109-10 (1968). This action was filed within the last year, discovery has not been conducted, and no trial date has been set. Thus, dismissal at this early stage will require "little duplication of effort . . . if the case [is] refiled in state court." *Walsh*, 692 F.2d at 1244. Therefore, the Court's decision will not negatively impact judicial economy and is likely to consolidate litigation into one action rather than potentially creating multiple parallel lawsuits in the state and federal courts.

The Absentee Parties will be prejudiced by any judgment regarding the disposition of the Trust under which they are beneficiaries, and the Court cannot mitigate this prejudice. Instead, an adequate forum exists in the Kentucky state court system in which all beneficiaries under the Trust may be parties. Accordingly, inclusion of the Absentee Parties will destroy diversity in this action and the Court must dismiss this action pursuant to Rule 12(b)(1).

### B. Probate Exception

As the Court has based its decision to dismiss this action pursuant to Rule 12(b)(1), the Court declines to address Defendants' argument regarding the probate exception to federal jurisdiction. Thus, this argument is moot.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants William Brodie Barriger and Mary Lou Wilson's Motions to Dismiss (DN 8, 12) are **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
November 10, 2015

cc: counsel of record